UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LEROY OLIVER RUDDOCK, | Civil No. 10-246 (JRT/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAN HILLERAN, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility at Moose Lake, Minnesota. He is serving a 48-month prison sentence that was imposed in the State District Court for Scott County, Minnesota. Petitioner was sentenced after a jury found him guilty of two counts of criminal sexual conduct. (Petition, pp 1-2.)

After Petitioner was convicted and sentenced, he filed a direct appeal. In a brief filed by his attorney, Petitioner argued that his conviction should be vacated because of (a) prosecutorial misconduct, and (b) ineffective assistance of trial counsel. In a separate "Pro

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Se Supplemental brief," Petitioner further argued that his conviction should be vacated by reason of (a) additional incidents of prosecutorial misconduct, (b) improper use of "un-mirandized testimony," and (c) improper exclusion of certain defense evidence. (Petition, pp. 2-3, § 6.) The Minnesota Court of Appeals rejected all of Petitioner's arguments, and affirmed his conviction and sentence. State v. Ruddock, No. A08-1085 (Minn.App. 2009), 2009 WL 22225546 (unpublished opinion).

Petitioner then sought further review of his conviction in the Minnesota Supreme Court, citing three grounds for relief:

(1) his conviction should be set aside based on prosecutorial misconduct, because the prosecutor allegedly "belittled defense counsel's theory by arguing consent was the only defense [Petitioner] was 'stuck with;'"

(2) his conviction should be set aside based on prosecutorial misconduct, because the prosecutor improperly attempted to "inject emotion and sympathy in the case;" and

(3) "[t]he Court of Appeals didn't rule directly on [Petitioner's] Pro Se Supplemental brief issues."

(Petition, p. 3, § 7.)

The Minnesota Supreme Court denied Petitioner's application for further review on September 16, 2009. (Id.) Thereafter, Petitioner did not seek further review of his conviction and sentence, until he filed his present habeas corpus petition. (Id., § 8.)

The present petition lists three grounds, which Petitioner has identified as follows:

(1) "Prosecutor's Improper and Prejudicial Errors Violated [Petitioner's] Due Process;"

(2) "Ineffective Assistance of Trial Counsel;"

2

(3) "Deficient Assistance of Appellate Counsel."

(Id., p. 4, § 9.)

It plainly appears on the face of the petition, however, that two of Petitioner's current claims for relief have not been fairly presented to the Minnesota Supreme Court. Thus, the Court finds that Petitioner has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

Furthermore, a habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' <u>the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)</u>, thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

Here, it is readily apparent that two of Petitioner's current grounds for relief have not been exhausted, because they have not been fairly presented to the Minnesota Supreme Court. At "Ground Two" of the present petition, Petitioner claims that he was deprived of his constitutional right to effective assistance of counsel at trial. At "Ground Three," Petitioner claims that he was denied effective assistance of counsel on his direct appeal. However, <u>both of these claims are conspicuously missing from Petitioner's own description of the claims that he presented to the Minnesota Supreme Court in his petition for further review</u>. (See Petition, p. 3, § 7.) Thus, it clearly appears, on the face of the present petition, that neither of Petitioner's ineffective assistance of counsel claims was fairly presented to the Minnesota Supreme Court. As a result, both of those claims are "unexhausted" for federal habeas purposes.

Moreover, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01. It is possible that Petitioner might be procedurally barred under state law from raising some of his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal. See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly

4

appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Historically, however, the Minnesota state courts have been willing to entertain claims of ineffective assistance of appellate counsel in post-conviction proceedings. See Leake v. State, 737 N.W.2d 531, 536 (Minn. 2007) ('[c]laims of ineffective assistance of appellate counsel on direct appeal are not barred by the Knaffla rule in a first postconviction appeal because they could not have been brought at any earlier time").[2]

Because Petitioner has failed to exhaust his state court remedies for his two ineffective assistance of counsel claims, he has filed a "mixed petition." The Court must therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[3] Petitioner may return to federal court, (if necessary), after

---

[2] If any of Petitioner's presently unexhausted claims are rejected because of a state procedural rule, those claims will be procedurally defaulted, and they will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

[3] If Petitioner pursues this option, he should be mindful of several matters that could affect his future eligibility for federal habeas corpus relief. First, he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review in the state courts, including a petition for further review in the State Supreme Court. O'Sullivan, 526 U.S. at 845. Second, federal habeas corpus review is available only for

5

the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court. See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993). See also Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999). If Petitioner intends to exercise that option here, he should file an amended petition that includes only fully exhausted claims, (which presumably would be the prosecutorial misconduct claim presented as Ground One of the current petition), and he should do so before the deadline for filing objections to this Report and Recommendation. If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice. Petitioner should note that if he does file an amended petition

---

claims that were previously raised in the state courts as federal constitutional claims. Duncan, 513 U.S. at 365-66. Third, if Petitioner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled, pursuant to 28 U.S.C. § 2244(d)(2)), while any post-conviction proceedings are pending in the state courts. However, Petitioner could face a statute of limitations issue in the future, if he does not diligently pursue state post-conviction relief.

that includes only his fully exhausted claim(s), he presumably will be barred from raising any other claims in any future (successive) federal habeas petition. See 28 U.S.C. § 2244(b)(2).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only his fully exhausted claim(s).

Dated: February  10, 2010

s/ *Franklin L.* Noel  
FRANKLIN L. NOEL  
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 24, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.