UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leroy Oliver Ruddock,                                    Civil No. 10-246 (JRT/FLN)

          Petitioner,

    v.                                                  **REPORT AND RECOMMENDATION**

Becky Dooley,

          Respondent.

_____

Petitioner, *Pro Se*.
Todd P. Zettler, Assistant Scott County Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on

Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in

State Custody.  (ECF No. 10.)  Respondent filed a memorandum in opposition to the petition.

(ECF No. 19.)  Petitioner filed a reply brief.  (ECF No. 23.)[1]  The matter was referred to the

undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons which follow, this Court recommends that Petitioner's Amended Petition Under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [#10] be **DENIED**.

## I.  BACKGROUND

Petitioner Leroy Oliver Ruddock ("Petitioner") was convicted of third and fifth degree

criminal sexual conduct on January 28, 2008.  He was sentenced to 48-months in prison on April

---

[1]Several months after Respondent filed her memorandum in opposition, Petitioner filed a letter seeking to withdraw his habeas petition. (ECF No. 34).  The court construes this letter as a motion to dismiss without prejudice under Federal Rule of Civil Procedure 41.  *See* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts.  Respondent filed a letter opposing Petitioner's request to dismiss without prejudice. (ECF No. 35.)  Federal Rule of Civil Procedure 41(a)(2) provides that if an answer has been served the action may be dismissed at the plaintiff's request only by court order.  In light of the above Report and Recommendation, the Court finds no reason to dismiss the petition without prejudice at this time.  Therefore, Petitioner's motion to withdraw petition is denied and the Court will consider the petition on the merits.

25, 2008. The Minnesota Court of Appeals affirmed Petitioner's convictions on July 28, 2009.

*State v. Ruddock,* 2009 WL 2225546, *1–5 (Minn. Ct. App. July 28, 2009). The Minnesota

Supreme Court denied review on September 16, 2009. *State of Minnesota v. Ruddock*, A08-

1085 (Minn. Sept. 16, 2009).

The undersigned accepts the facts of this case as stated by the Minnesota Court of

Appeals:

> The state charged [Petitioner] Leroy Oliver Ruddock with criminal sexual conduct in the third degree, criminal sexual conduct in the fifth degree, burglary, and domestic assault for allegedly entering N.J.O's home without her permission and forcibly engaging in sexual intercourse with her. Contending that N.J.O. allowed him to come to her home and that she consented to have sexual intercourse with him, [Petitioner] pleaded not guilty, and the case proceeded to a jury trial.
>
> The undisputed evidence at trial showed that [Petitioner] and N.J.O. met through an online dating service and, on the night of their first personal meeting, they had consensual sexual intercourse in [Petitioner]'s SUV. Their sexual relationship continued for at least the next two weeks, and [Petitioner] often drove from his home in Minneapolis to N.J.O.'s home in Jordan where he would spend the night and engage in consensual sexual intercourse with her.
>
> The duration of the relationship was in dispute at the trial. N.J.O. testified that she and [Petitioner] mutually agreed to end it in the third week after they had met. [Petitioner], on the other hand, testified that he and N.J.O. continued to see each other socially three times a week or more for several months.
>
> N.J.O. testified that, at about 2:00 a.m. on June 29, 2007, [Petitioner] entered her unlocked home and came into her bedroom while she slept. N.J.O. was startled and woke up and asked [Petitioner] why he was in her house. He said he wanted to resume their relationship, and he tried to kiss her. N.J.O. pushed him away but allowed him to stay for several hours and allowed him to eat and drink. Eventually, according to N.J.O., [Petitioner] forced her onto the bed, pried her knees apart, pushed her underwear aside, and penetrated her vagina with his penis. N.J.O. testified that she tried to push him off her, biting him in the process, and that she was successful only after he had ejaculated. She ordered him to leave her house, and he did so at about 7:00 a.m.
>
> [Petitioner] testified that he went to N.J.O.'s house at about 1:00 a.m., that she let him in after he knocked on the door, that they went to bed and had consensual sexual intercourse when they woke up in the morning . . . .

2

The jury found [Petitioner] guilty of two counts of criminal sexual conduct but not guilty of burglary and domestic assault.

*Ruddock*, 2009 WL 2225546 at \*1.

In his appeal, Petitioner claimed that the prosecutor engaged in prejudicial misconduct by injecting emotion and sympathy into the case, by belittling Petitioner's consent defense, and by offering his opinion on the credibility of witnesses.[2]  The Minnesota Court of Appeals rejected Plaintiff's argument. *Id.* at \*3, \*5.  The Court of Appeals found that the prosecutor's statement that consent was a defense Petitioner was "stuck with" constituted plain error, but because the court was unable to conclude that the jury would have reached different verdicts absent that , it did not constitute reversible error. *Id.* at \*4.  Accordingly, the Court of Appeals affirmed Petitioner's convictions.

Petitioner was released from the Minnesota State Correctional Facility at Moose Lake on September 20, 2010.[3]  Upon release, Petitioner was transferred to the custody of Immigration and Customs Enforcement pursuant to a detainer.

In the instant action, Petitioner alleges that his Fifth and Fourteenth Amendment rights to due process were violated at trial in two ways.  First, when the prosecutor committed misconduct by denigrating the defense theory in closing argument and injecting emotion and sympathy into

---

[2]Petitioner also filed a *pro se* supplemental brief with the Minnesota Court of Appeals.  On July 28, 2009, the Court of Appeals granted the State of Minnesota's motion to strike Petitioner's *pro se* supplemental brief. *Ruddock*, 2009 WL 2225546 at \*5.

[3]Petitioner was released on parole.  Therefore, even though Petitioner is now in the physical custody of Immigration and Customs Enforcement, as a parolee he remains in the custody of the State of Minnesota for purposes of this habeas petition. *Jones v. Cunningham*, 371 U.S. 236, 377 (1963) (holding that a state prisoner released on parole is in custody for purposes of federal habeas corpus jurisdiction).

the case. Second, when the trial court excluded evidence.[4] Petitioner raised the claims of

prosecutorial misconduct on appeal to the Minnesota Court of Appeals, thus the record reflects

that Petitioner exhausted his state court remedies as to those claims.

With regard to Petitioner's claim that the trial court improperly suppressed evidence, the

Court concludes that Petitioner has procedurally defaulted on this claim by failing to exhaust

state court remedies as discussed below.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the

standard that governs this Court's review of habeas corpus claims raised by state prisoners. The

relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or (2) resulted in a
> decision that was based on an unreasonable determination of the facts in light of
> the evidence presented in the State Court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court discussed

the meaning of this statute, and how it should be applied by the federal district courts. The Court

held that:

> [A] state-court decision can be "contrary to" this Court's clearly established
> precedent in two ways. First, a state-court decision is contrary to this Court's
> precedent if the state court arrives at a conclusion opposite to that reached by this

---

[4]Petitioner, in his memoranda, makes several references to the role of the prosecutor in "suppressing"
evidence. He also relies on language from *Kyles v. Whitley*, 514 U.S. 419, (1995), which involved a *Brady*
violation. However, it is clear that at the time of trial the evidence at issue was in the possession of Petitioner, not in
possession of the prosecutor. Therefore, despite the language used, Petitioner is alleging not that the prosecutor
suppressed evidence in violation of *Brady*, but that the trial court improperly excluded evidence.

Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours . . . .

Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 405, 413. The Court further explained the "unreasonable application" clause:

A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 411.

A writ of habeas corpus may also be available where the state court's resolution of a case is based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief may be granted if the state court's judgment is based on findings of fact that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court . . . presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

Therefore, a federal district court is not permitted to conduct its own de novo review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as

that statute has been interpreted by the Supreme Court in *Williams*. Demonstrating actionable

error requires that a petitioner, as a threshold matter, present a federal question in his petition for

relief. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting

habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States.")

## III. LEGAL ANALYSIS

**A.**     **The Minnesota Court of Appeals' conclusion that the prosecutor did not commit misconduct amounting to reversible error was neither "contrary to" nor "involved an unreasonable application of, clearly established Federal law."**

Petitioner argues that he is entitled to habeas corpus relief due to misconduct committed

by the prosecutor during his trial. Specifically, Petitioner alleges that the prosecutor's comments

denigrating the Petitioner's defense and inflaming the passions and prejudices of the jury during

his closing argument denied Petitioner of his right to due process of law.

In order for statements to constitute prosecutorial misconduct warranting habeas corpus

relief, the statements "must be so inappropriate as to make the trial fundamentally unfair."

*Rousan v. Roper*, 436 F.3d 951, 960 (8th Cir. 2006); *see also Harris v. Bowersox*, 184 F.3d. 744,

752 (8th Cir. 1999). Further, "there must be a 'reasonable probability' that the error affected the

jury's verdict and that without the error, the jury's verdict would have been different." *Id.*

### 1.     Denigration of Defense Theory

Petitioner alleges that the prosecutor impermissibly belittled Petitioner's consent defense

during closing argument when he stated that consent was the defense Petitioner was "stuck

with." During closing argument rebuttal, the prosecutor made the following statement:

> [Defense counsel] touched upon their defense being consent. Isn't that pretty much the defense that the defendant is stuck with since the physical evidence shows the presence of semen? He can't really come in and argue that he wasn't there. It's what they're stuck with.

*Ruddock*, 2009 WL 2225546 at *3.

The Minnesota Court of Appeals found this statement to be plain error. However, the Court of Appeals found no reversible error because the prosecutor used the phrase "stuck with" only twice in a brief portion of his rebuttal argument, and the Court was therefore unable to conclude that the jury would have reached different verdicts had the prosecutor not used this phrase. *Id.* at *4.

This Court must consider whether the arguments made by the prosecutor infected the trial with enough unfairness so as to deny the Petitioner due process. *Rousan v. Roper*, 436 F.3d 951, 960 (8th Cir. 2006). The Eighth Circuit held that it was not an unreasonable application of federal law for a state court to find no reversible error where the prosecutor, during closing argument, referred to the defendant as "pure evil." *Kinder v. Bowersox*, 272 F.3d 532, 551 (8th Cir. 2001). The prosecutor continued, stating, "Evil stares at you in the courtroom, and I ask you to stare back and do not blink . . . . We don't want to share our streets one day with evil. We cannot risk one day sharing our lives and world with evil." *Id*. These remarks were not found to have infected the trial with enough unfairness so as to deny the defendant due process. *Id*. at 552.

Given the high standard set in *Kinder* for finding reversible error, Petitioner has failed to show that the prosecutor's remarks in this case rose to a level of unfairness that denied him due process of law. Therefore, this Court finds that the Minnesota Court of Appeals' determination that prosecutor's statement did not constitute reversible error was neither "contrary to" nor "involved an unreasonable application of, clearly established Federal law."

7

### 2.      Injecting Sympathy for the Victim and Vouching for the Victim's Credibility

Petitioner also alleges that the prosecutor unfairly injected emotion and sympathy into the case and thereby violated his right to due process. Petitioner argues that the prosecutor attempted to evoke sympathy for the victim and vouched for her credibility when he stated:

> The central question in this case, who is telling the truth? Only one person is, lady and gentlemen, one person. Either [N.J.O.] was sexually assaulted without her consent and at the urging of a friend she reported it and went to a hospital and she reluctantly partook in a very, very humiliating interview and exam and then gave a snively interview to Chief Bob Malz and then came in here and genuinely told you what happened while she was quiet and even crying at times. And either the defendant is guilty of criminal sexual conduct or this woman lays down on a table and has to partake in a vaginal exam, recount the story and come in here, and what? Lie to you folks? Why? For what? That is ridiculous, lady and gentlemen.

*Ruddock*, 2009 WL 2225546 at *2.

The Minnesota Court of Appeals found that this statement was not improperly inflammatory because the prosecutor focused on the evidence in the case and on an inference of credibility that could reasonably be drawn from that evidence. *Id.* at *3. In a similar case, the Eighth Circuit found no plain error when a prosecutor asked the jury to consider "how hard it is" for witnesses who testified that the defendant molested them as children to "come into a courtroom like this and tell a story like that." *United States v. Bentley*, 561 F.3d 803, 814 (8th Cir. 2009). The Eighth Circuit found this not to be plain error because the prosecutor "based his credibility argument on evidence elicited at trial." *Id.* Therefore, this Court finds that, in the instant case, the Minnesota Court of Appeals' conclusion that the prosecutor's statements did not constitute plain error was neither "contrary to" nor "involved an unreasonable application of, clearly established Federal law."

**B.** **Petitioner has procedurally defaulted his claim that the trial court denied him due process of law by excluding evidence.**

Petitioner claims that he is entitled to habeas relief because the trial court's exclusion of evidence denied him his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution. Petitioner argues that, had the trial court admitted into evidence emails in his possession, the verdict in the case would have been different. Petitioner has procedurally defaulted this claim by failing to frame this argument as a constitutional claim in state court and because the Minnesota Court of Appeals failed to reach this argument on the merits.

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). To satisfy the exhaustion of state court remedies requirement, a prisoner must "fairly present" his or her claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. In order for a state court to have the opportunity to remedy alleged violations of a prisoner's federal rights, a prisoner must alert the state court that he has raised the claim under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995). The Eighth Circuit has stated, "To satisfy the 'fairly presented' requirement, [petitioner] was required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent constitutional issue' in the . . . state court." *Abdullah v. Groose,* 75 F.3d 408, 411-12 (8th Cir. 1996) (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)).

When a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. *Id.* The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent'." *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995), *quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In his pro se supplemental brief to the Minnesota Court of Appeals, Petitioner argued that the prosecutor made inappropriate arguments regarding the authentication of several emails in Petitioner's possession. Specifically, Petitioner argued that it was improper for the prosecutor to state, "Quite frankly, Your Honor, I can go into Yahoo again in my office in five minutes and create a Yahoo account Carolhooten@yahoo.com and email my mom from you." (ECF No. 20-1, App. 14.) While this argument relates to the same emails at issue in Petitioner's habeas corpus claim, Petitioner did not present this claim as a violation of the Federal Constitution in his brief to the state court. Therefore, the claim has been procedurally defaulted.

Furthermore, even had there been an implicit constitutional dimension to Petitioner's claim, the claim would still have been procedurally defaulted because the Court of Appeals failed to reach it on the merits. The Court of Appeals granted the State's motion to strike

Petitioner's *pro se* supplemental brief in its entirety because the court found that "it is testimonial and contains facts not in the trial record that the state has not been afforded an opportunity to challenge and that it is an attempt to present evidence that was excluded at trial." *Ruddock*, 2009 WL 2225546 at *5. Therefore, this Court finds that Petitioner has procedurally defaulted his claim that the trial court improperly excluded evidence in violation of his right to due process, both because the Minnesota Court of Appeals failed to reach Petitioner's claim on the merits and because Petitioner failed to raise his Federal Constitutional arguments in the state court.

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. In order to satisfy the "cause" requirement, a prisoner must show that some "external impediment" prevented him from presenting his claims in a timely and procedurally proper manner. *Coleman*, 501 U.S. at 753. Petitioner has not suggested any external impediment that prevented him from identifying his federal claims in state court and presenting them in a procedurally appropriate manner, therefore he has not satisfied the cause requirement.

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice requirement. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998). Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new and previously undiscoverable evidence to affirmatively demonstrate that he did not commit the crimes for which he was convicted.

11

For the reasons articulated herein, the Court concludes that Petitioner's conviction did not violate the Constitution, laws, or treaties of the United States, and Petitioner is, therefore, not entitled to habeas relief pursuant to 28 U.S.C. § 2254(d).

## IV.  RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 10) be **DENIED;**

2)  this action be **DISMISSED WITH PREJUDICE**; and

3) **JUDGMENT BE ENTERED ACCORDINGLY.**

It is further recommended, pursuant to 28 U.S.C. § 2253(c), that a Certificate of Appealability not be issued because Petitioner has failed to make a substantial showing of the denial of any constitutional right.


DATED: October 28, 2010                              *s/ Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 12, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.